SO ORDERED.

Dated: September 15, 2010

_____
REDFIELD T. BAUM, SR
U.S. Bankruptcy Judge
_____

**TIFFANY & BOSCO**
P.A.
**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-22417

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Angie Leigh Dunham<br>       Debtor.<br>_____<br>Wells Fargo Bank, N.A.<br>       Movant,<br>  vs.<br><br>Angie Leigh Dunham, Debtor, David A. Birdsell, Trustee.<br><br>       Respondents. | No. 2:10-BK-24448-RTB<br><br>Chapter 7<br><br>ORDER<br><br>(Related to Docket #7) |

    Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

    IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated June 29, 2007 and recorded in the office of the Will County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and Angie Leigh Dunham has an interest in, further described as:

> Lot 41, in HORIZON MEADOWS UNIT ONE, a subdivision of Part of the East 1/2 of the Southwest 1/4 of Section 33, Township 35 North, Range 11 East of the Third Principle Meridian According to the Plat thereof Recorded June 23, 2003, as Document Number R2003-144468, and Certificate of Correction Recorded September 20, 2004 as Document R2004-172708, in Will County, Illinois

IT IS FURTHER ORDERED that Movant may contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtors personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.